IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CORNETT MANAGEMENT COMPANY, LLC,
a foreign corporation,

        Plaintiff,

v.                                                Civil Action: 5:04-cv-22

LEXINGTON INSURANCE COMPANY, a
foreign corporation, and FIREMAN'S FUND
INSURANCE COMPANY, a foreign corporation,
BRADY RISK MANAGEMENT, INC., a foreign
corporation, and HARTAN BROKERAGE,
INC., a foreign corporation,

        Defendants.

## MEMORANDUM, OPINION, AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

On April 12, 2007, came the above named Plaintiff, by Brent K. Kesner, by telephone, and Ernest G. Hentschel, II, in person, Defendant Lexington Insurance Company (hereinafter Defendant), by Jason A. Winnell and George Joseph, in person, Defendant Brady Risk Management, Inc., by Keith R. Huntzinger, in person, for Defendant's motion to compel. Testimony was not taken, and no other evidence was introduced.

### I. Introduction

A.    <u>Procedural Background</u>.

This case was originally filed in West Virginia state court and was removed to this Court under the Court's diversity jurisdiction. Defendant filed a motion to compel on March 28, 2007. The next day, the Court scheduled an evidentiary hearing and argument for April 12, 2007. The Court ordered an expedited briefing schedule, with Plaintiff ordered to file a response to the

motion to compel by April 5, 2007, along with a privilege log, and Defendant ordered to file any reply it wished to make by April 9. On April 4, 2007, Plaintiff filed a motion asking the Court to clarify its order setting the evidentiary hearing and argument. Plaintiff argued it was unclear what information Defendant sought to compel the production of and as such it could not file any response or privilege log. The Court issued an order clarifying its discovery order the same day. The order gave Plaintiff until April 6 to file its response and gave Defendant until April 10 to file any reply. Plaintiff duly filed its response on April 6, including a privilege log. Defendant filed a reply on April 10, as did Defendant Brady Risk Management, Inc. The evidentiary hearing and argument was held as scheduled.

B.  The Motion.

Defendant's motion to compel[1]

C.  Decision.

Defendant's motion to compel is GRANTED. Plaintiff shall provide copies of all the documents submitted for in camera review to Defendant within ten days from the date of this order.

## II. Facts

This case concerns a first party bad faith insurance claim. Plaintiff was sued in West Virginia state court by female employees on allegations of sexual harassment in May 2002. Plaintiff had an employer liability policy of one million dollars with Defendant. The policy provided the coverage could be depleted by the cost of defending a suit. Defendant retained the law firm of Baker & McKenzie to defend Plaintiff. Defendant also retained local counsel.

---

[1] Docket No. 230

Plaintiff eventually settled with the employees.  However, Plaintiff argues the cost of defending the suit, combined with the cost of settlement, exceeded the amount of the insurance policy and so Plaintiff was forced to pay the amount in excess of the million dollar limit.

Plaintiff then filed this action against Defendant, alleging breach of contract, common law bad faith, and violation of the West Virginia Unfair Trade Practices Act (UTPA), W. Va. Code § 33-11-4(9).  The parties engaged in discovery and a dispute emerged regarding the scope of the attorney client privilege and the work product doctrine.  Plaintiff conducted a deposition of Robert McGrath on March 20, 2007.  Part of the deposition involved testimony regarding letters sent by Baker & McKenzie to Lexington.  All parties had access to these documents.  The parties disagreed about the privilege status of documents created by Baker & McKenzie, but not given to Lexington.  Defendant conducted a deposition of J. Phillip Cornett, Co-President of Plaintiff, the next day.  During the deposition, Defendant attempted to question Cornett about any complaints Plaintiff made to Baker & McKenzie about the handling of the underlying litigation.  Plaintiff objected to these questions based on the attorney client privilege.  Defendant filed this motion to compel, which proceeded as set forth above.

### III.  Plaintiffs' Motion to Compel

A. <u>Contentions of the Parties</u>

Defendant argues the documents at issue are not privileged.  Alternatively, Defendant argues Plaintiff has waived any protection by the nature of the claims it has asserted.

Plaintiff argues the attorney client privilege and work product doctrine apply to the documents it has withheld from discovery.  Plaintiff contends that it has not waived any protection by the nature of its claims.  This is because the actions at issue in the complaint are

those of Defendant and not Baker & McKenzie.

B.      The Standards

The Federal Rules provide that "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1). The Rules further give courts the authority to "order discovery of any matter relevant to the subject matter involved . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)." Id.

It has been repeatedly held that the "discovery rules are to be accorded a broad and liberal treatment." Hickman v. Taylor, 329 U.S. 495, 507, 67 S. Ct. 385, 392, 91 L. Ed. 451, 460 (1947). However, the discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1); see also Herbert v. Lando, 441 U.S. 153, 177, 99 S. Ct. 1635, 1649 60 L. Ed. 2d 115, 134 (1979) (stating that "the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied"). A court must strike a balance between the broad scope of the rules of discovery and the discovery of relevant evidence that is ultimately deemed admissible or inadmissible at trial. The test for relevancy under the discovery rules is necessarily broader than the test for relevancy under Rule 402 of the Federal Rules of Evidence. Fed. R. Civ. P. 26(b)(1) ("relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). In striking the appropriate balance

between these two tensions, "[d]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery and impose sanctions for failures to comply with its discovery orders." Hinkle v. City of Clarksburg, 81 F.3d 416, 426 (4th Cir. 1996) (citations omitted).

Motions to compel are governed by Federal Rule of Civil Procedure 37(a)(2)(B). This Rule provides that if a party declines to answer a discovery request, the serving party "may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request." Id. The party opposing a motion to compel bears the burden of showing why it should not be granted. Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296-97 (E.D. Pa. 1980); Rogers v. Tri-State Materials Corp., 51 F.R.D. 234, 247 (N.D. W. Va. 1970).

C.  Discussion

I.

The Scope of the Motion to Compel

The Court first addresses the proper scope of the materials sought in the motion to compel. The motion to compel left ambiguous the precise material of which Defendant sought to compel production. The Court defined the scope of the motion to compel in its order of clarification on April 4, 2007. The Court defined it as

> material Plaintiff withheld on the basis of privilege at the deposition of Robert McGrath "which Plaintiff's counsel claimed to be protected by the attorney-client privilege, which had not previously been disclosed during discovery or in a privilege log, and which Plaintiff's counsel refused to produce or permit the witness or the undersigned [defense counsel]" to examine and material withheld on the basis of the attorney-client privilege at the deposition of J. Phillip Cornett that represent "any complaints CMC had made to Baker & McKenzie about its litigation strategy, litigation activities, and defense costs."

Defendant filed a response to the order of clarification that same day. In the response, Defendant stated it desired to review a privilege log covering many discovery requests. Defendant wanted

5

to review the privilege log for the entire case. The order of clarification implicitly found this outside the scope of the motion to compel. If Defendant wished to review a privilege log of such broad scope, it should have stated so with sufficient clarity in the motion to compel. Thus, the Court construes the motion to compel ask only seeking production of documents asked for the in the order of clarification.

II.

The Timeliness of the Motion to Compel

Plaintiff argues the motion to compel is untimely. Plaintiff states that to the extent Defendant seeks to compel responses to its June 2004 discovery requests, it has waived its right to do so by not bringing this motion to compel for almost three years. Plaintiff cites Local Rule 37.02, which provides that a motion to compel discovery must be filed within thirty days of when the discovery was due. However, as stated above, the Court has not construed the motion to compel to apply to the June 2004 requests. Those requests are not at issue in this order. This order only applies to the material mentioned in the Court's order of clarification.

To the extent the 2004 discovery requests encompass the same material dealt with in this order, the Court finds Plaintiff has waived any timeliness arguments it had by its own failures to comply with the Rules. Plaintiff never responded to the 2004 discovery by filing the information required by Federal Rule 26 or the privilege log required by Local Rule 26. Defendant had no way of knowing what documents Plaintiff was withholding. This action of Plaintiff in failing to comply with the Rules is what made Defendant's motion untimely.

III.

<u>The Attorney Client Privilege and the Work Product Doctrine Regarding Plaintiff's Privilege Log</u>

The Court now turns to whether the documents submitted in Plaintiff's privilege log should receive protection under either the attorney client privilege or the work product doctrine. In diversity cases such as this one, the Court applies state law to issues concerning attorney client privilege and federal law to assertions of the work product doctrine. <u>Nicholas v. Bituminous Cas. Co.</u>, 235 F.R.D. 325, 329 n. 2 (N.D. W. Va. 2006).

The West Virginia Supreme Court of Appeals has held there are three elements necessary to the assertion of privilege: "(1) both parties must contemplate that the attorney-client relationship does or will exist; (2) the advice must be sought by the client from the attorney in his capacity as a legal advisor; (3) the communication between the attorney and client must be intended to be confidential." <u>State ex rel. Med. Assur. of W. Va., Inc. v. Recht</u>, 213 W. Va. 457, 466, 583 S.E.2d 80, 89 (2003). "As the attorney-client privilege and the work product exception may result in the exclusion of evidence which is otherwise relevant and material and are antagonistic to the notion of the fullest disclosure of the facts, courts are obligated to strictly limit the privilege and exception to the purpose for which they exist." <u>State ex. rel. United States Fidelity and Guar. Co. v. Canady</u>, 194 W. Va. 431, 438, 460 S.E.2d 677, 684 (1995). The person asserting the privilege has the burden of showing it applies. <u>Id.</u>

In order for the attorney-client privilege to be applicable "there must be no evidence that the client intentionally waived the privilege." <u>Id.</u> at 442 (citing <u>State ex rel. Doe v. Troisi</u>, 194 W. Va. 28, 36 n. 11, 459 S.E.2d 139, 147 n. 11 (1995)). Putting the advice of an attorney at issue in a claim or defense will result in waiver. <u>Id.</u> Examples where waiver will occur include

7

things like suits based on legal malpractice or asserting reliance on the advice of an attorney. Id. Furthermore, only confidential communications receive protection. Id. A person may not refuse to answer regarding an act within his knowledge simply because he tells his attorney about it. Id.

One of the seminal cases dealing with implied waiver of the attorney-client privilege by the acts of the party holding the privilege is Hearn v. Rhay, 68 F.R.D. 574, 581 (E.D. Wash. 1975). In that case, the court summarized implied waiver of privilege as follows:

> All of these established exceptions to the rules of privilege have a common denominator; in each instance, the party asserting the privilege placed the information protected by it in issue through some affirmative act for his own benefit, and to allow the privilege to protect against disclosure of such information would have been manifestly unfair to the opposing party. The factors common to each exception may be summarized as follows: (1) the assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense. Thus, where these three conditions exist, a court should find that the party asserting a privilege has impliedly waived it through his own affirmative conduct.

Id. Although this case is not binding since it is not West Virginia state law, it remains persuasive.

The work product doctrine is governed by Federal Rule 26(b)(3).[2] The Rule states that parties

> may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or

---

[2] Plaintiff stated in its response that it did not oppose providing the document at issue in the McGrath deposition to Defendant, as well as other similar documents, but had not done so because Defendant argued any disclosure would constitute a complete waiver of work product protection. The Court assures Plaintiff that providing such documents will not constitute a waiver of its claims of attorney client privilege and work product doctrine.

> for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed. R. Civ. P. 26(b)(3).

There are two kinds of work product materials: fact work product and opinion work product. "Fact work product consists of documents and tangible things . . . prepared in anticipation of litigation." United States v. Pepper's Steel and Alloys, Inc., 132 F.R.D. 695, 698 (S.D. Fla. 1990). Factual work product includes "everything other than the mental impressions, conclusions, opinions, or legal theories of the attorneys." In re Air Crash Disaster At Sioux City, Iowa, 133 F.R.D. 515, 520. (N.D. Ill.1990). "Fact work product may be obtained upon showing both a substantial need and inability to secure the substantial equivalent of the materials without undue hardship." In re Grand Jury Proceedings, 102 F.3d 748, 750 (4th Cir. 1996). In showing a substantial need, the movant must specifically articulate the necessity for the documents or other tangible things. Delco Wire & Cable, Inc. v. Weinberger, 109 F.R.D. 680, 689-690 (E.D. Pa. 1986). (holding that the movant is "required to show a need for specific documents or information at issue"). The movant must also demonstrate why or how alternative sources for obtaining the substantial equivalent are unavailable. In re Grand Jury Subpoena Dated Nov. 8, 1979, 622 F.2d 933, 935 (6th Cir. 1980) (noting that "[w]hen a party does not make any showing that other witnesses were unknown to it or unavailable to testify, it is merely 'on a general fishing expedition' into the attorney's files to satisfy itself that nothing has been overlooked.

9

The work-product protection forbids such excursions") (citations omitted).

Opinion work product consists of "mental impressions, conclusions, and opinions, or legal theories of an attorney or other representative of a party concerning litigation." Pepper's Steel and Alloys, Inc, 132 F.R.D. at 698. Opinion work product "can be raised by both the client and attorney and is more scrupulously protected as it represents the actual thoughts and impressions of the attorney." In re Grand Jury Proceedings, 102 F.3d at 750. The Supreme Court has held that "[w]hile we are not prepared at this juncture to say that such material is always protected by the work-product rule, we think a far stronger showing of necessity and unavailability . . . would be necessary to compel disclosure." Upjohn Co. v. United States, 449 U.S. 383, 401-02, 101 S. Ct. 677, 688-89, 66 L. Ed. 2d 584, 599 (1981). Furthermore, the Court held that "such work product cannot be disclosed simply on a showing of substantial need or an inability to obtain the equivalent without undue hardship." Id. at 401; see also In re Martin Marietta Corp., 856 F.2d 619, 626 (4th Cir. 1988) (holding that "[w]e think *generally* such opinion work product is not subject to discovery) (emphasis in original). However, in Vaughan Furniture Co. v. Featureline Manufacturing Co., 156 F.R.D. 123, 128 (M.D.N.C. 1994), the court held that where a party intends to use an "attorney's opinions as a sword or shield to affect the factfinding process," those opinions are not covered by the work product doctrine. Other courts have held likewise. Charlotte Motor Speedway, Inc. v. Int'l Ins. Co., 125 F.R.D. 127, 129-31 (M.D.N.C. 1989); Donovan v. Fitzsimmons, 90 F.R.D. 583, 588 (N.D. Ill. 1981).

In this case, the Court believes Plaintiff has waived any right to claim protection from the attorney client privilege or the work product doctrine due to the nature of the claims in its complaint. Plaintiff contends Defendant directed Baker & McKenzie to engage in unnecessary

10

discovery, thereby consuming much of the insurance policy money available for settlement. Defendant also alleges Baker & McKenzie should have been directed to reach a settlement long before it did. This again depleted the settlement money. These claims have placed the advice of Baker & McKenzie at the heart of the complaint. The advice Baker & McKenzie tendered to Plaintiffs is crucial to knowing the prudence of Defendant's actions. Furthermore, Plaintiff's communications with the firm could show the litigation strategy Plaintiff wished to pursue. Plaintiff would be in no position to complain about the failure to settle the case early if it insisted on an aggressive litigation strategy. On the other hand, if Plaintiff insisted the case settle so any insurance money could go be saved, this would bolster its claims. This again goes to the heart of the matter in dispute. Since Plaintiff has placed its communications with its attorneys at the center of this litigation, it has waived any attorney client privilege or work product protection it may have had regarding the documents at issue. Vaughan Furniture Co., 156 F.R.D. at 128; Charlotte Motor Speedway, Inc., 125 F.R.D. at 129-31; Canady, 194 W. Va. at 442.

Therefore, Defendant's motion to compel is GRANTED. Plaintiff shall tender the entirety of the privilege log produced for in camera review to Defendant.

## IV. Decision

Defendant's motion to compel is GRANTED. Plaintiff shall provide copies of all the documents submitted for in camera review to Defendant within ten days from the date of this order.

Any party may, within ten (10) days after being served with a copy of this order, file with the Clerk of the Court written objections identifying the portions of the order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to

the District Court Judge of Record.  Failure to timely file objections to the order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such order.

**Filing of objections does not stay this order.  Filing a motion to stay this order does not stay this order.  In the absence of an order from the district court staying this order, all parties must comply with this order in a timely fashion as set forth herein.**

DATED: April 17, 2007

                                               /s/ James E. Seibert  
                                               JAMES E. SEIBERT  
                                               UNITED STATES MAGISTRATE JUDGE