IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CORNETT MANAGEMENT COMPANY, LLC,
a foreign corporation,

    Plaintiff,

v.                                                    Civil Action No. 5:04CV22
                                                                (STAMP)

LEXINGTON INSURANCE COMPANY,
a foreign corporation,
FIREMAN'S FUND INSURANCE COMPANY,
a foreign corporation,
BRADY RISK MANAGEMENT, INC.,
a foreign corporation, and
HARTAN BROKERAGE, INC.,
a foreign corporation,

    Defendants.

**MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING ORDER OF
MAGISTRATE JUDGE CONFIRMING PRONOUNCED ORDER OF THE COURT**

I. Procedural History

In the integrated pretrial order, which was entered on July 24, 2007, Lexington Insurance Company ("Lexington") identified Andrew Boling, a partner at Baker & McKenzie as a witness expected to be called at trial and indicated that Mr. Boling would attend trial via live videoconference. On July 30, 2007, Lexington filed a "Notice of Videotaped Evidentiary deposition of Andrew J. Boling, Esq." which stated that Lexington would conduct an evidentiary video deposition of Mr. Boling on August 8, 2007 at 9:00 a.m. in Chicago, Illinois.

On August 6, 2007, Cornett Management Company, LLC ("CMC") filed an emergency motion for a protective order regarding the videotaped evidentiary deposition of Mr. Bowling. In the motion,

CMC requests a protective order precluding Lexington from proceeding with the evidentiary deposition. In support, CMC's counsel argues that he was not consulted regarding the scheduling of the deposition and that CMC will suffer significant prejudice if its counsel is required to take time away from trial preparation to travel to Chicago for Mr. Bowling's deposition. Additionally, CMC argues that it completed all of its own depositions before the April 27, 2007 discovery deadline and that it should not be prejudiced by Lexington's failure to do the same.

Lexington filed a response later in the day on August 6, 2007, in which it states that the testimony of Mr. Boling is critical to Lexington's defense in that he was the responsible partner who directed the defense of the <u>Reynolds</u> case. Lexington also states that defense counsel has had significant difficulty scheduling the deposition of Mr. Boling, who has a busy international law practice. Lexington argues that the deposition is not a discovery deposition but is evidentiary for the purpose of preserving Mr. Boling's testimony for trial. Lexington asserts that even if Mr. Kesner is unable to attend the evidentiary deposition, one of three other attorneys at Kesner, Kesner, & Bramble, namely Ellen Archibald, Ernest Hentschel, and Sara Jones, have participated actively in this case and should be able to attend the deposition instead of Mr. Kesner.

In the morning on August 7, 2007, United States Magistrate Judge James E. Seibert held a hearing on CMC's emergency motion for

2

a protective order. Magistrate Judge Seibert denied CMC's motion, but ordered Lexington to pay all costs associated with securing the attendance of one of CMC's attorneys at the deposition because of Lexington's late notice to CMC of the deposition. In his ruling, Magistrate Judge Seibert cited Fed. R. Civ. P 32(a)(3)(B) which provides that a deposition of a witness may be used at trial if the witness lives more than 100 miles from the trial court.

In the afternoon on August 7, 2007, CMC filed objections to and an appeal of Magistrate Judge Seibert's order denying its emergency motion for a protective order. CMC restates the arguments made in its emergency motion and additionally contends that the only direct flight from Charleston to Chicago tomorrow is booked. CMC argues that if counsel has to leave for Chicago today, CMC will not be in a position to submit objections to exhibits which are due today, August 7, 2007 at 5:00 p.m. or to prepare for the motions in limine hearing on Thursday, August 9, 2007, before this Court. CMC cites no law in its objections and appeal other than the principle recognized by the United States Court of Appeals for the Fourth Circuit in Ardrey v. Unite Parcel Service, 798 F. 2d 679 (4th Cir. 1986) that "a district court has wide latitude in controlling discovery."

II. Standard of Review

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C.

§ 636(b)(1). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. Detection Sys., Inc. v. Pittway Corp., 96 F.R.D. 152, 154 (W.D.N.Y. 1982).

### III. Discussion

Following review of CMC's emergency motion for a protective order regarding the videotaped evidentiary deposition of Andrew J. Boling, the response thereto, and Magistrate Judge Seibert's ruling on the motion, this Court finds that the magistrate judge's order is not clearly erroneous or contrary to law. Federal Rule of Civil Procedure 26(c)(2) authorizes a court to issue a protective order "that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place." "Protective orders sought under Rule 26(c)(2)... are wholly within the court's discretion." Hendrick v. Avis Rent A Car System, Inc., 916 F. Supp. 256, 260 (W.D.N.Y. 1996).

In this case, it was not clear error for the magistrate judge to exercise such discretion to deny CMC's emergency motion for a protective order. Accordingly, the order of the magistrate judge confirming the pronounced order of the court denying the

plaintiff's emergency motion for a protective order is hereby AFFIRMED and ADOPTED.[1]

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:   August 7, 2007

                                          /s/ Frederick P. Stamp, Jr.
                                         FREDERICK P. STAMP, JR.
                                         UNITED STATES DISTRICT JUDGE

---

[1]Although CMC represents that the scheduled evidentiary deposition of Mr. Bowling is an inconvenience to preparation for trial of this matter, CMC has not moved this Court to continue the date for the hearing on the motions in limine or for the filing of objections to exhibits. Therefore, those deadlines remain unchanged.